| | |
|---|---|
| 1 | HODGSON LEGAL |
|   | CHERYL L. HODGSON (CSB# 141275) |
| 2 | cheryl@hodgsonlegal.com |
|   | 401 Wilshire Blvd. |
| 3 | 12th Floor |
|   | Santa Monica, CA  90401 |
| 4 | Telephone:   (310) 623-3515 |
|   | cheryl@hodgsonlegal.com |
| 5 | |
|   | Attorney for Plaintiff |
| 6 | |

.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL BAUER & ASSOCIATES, INC., a California corporation | CASE NO. _____ |
| Plaintiff | **COMPLAINT FOR:** |
| vs. | **DECLARATORY RELIEF (28 U.S.C. § 2201)** |
| SABRINA GIBSON HAWKINS, an individual; SOCIAL SUCCESS PARTNERS, LLC, an Arizona Limited Liability Company, STRATEGIC MARKETING MANAGEMENT, LLC, an Arizona Limited Liability Company; WPENGINE, INC., Delaware corporation DBA WORDPRESS.COM and DOES 1 through 10, inclusive | **THEFT OF TRADE SECRETS (18 USC § 1836(b)(1)** |
|   | **INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS** |
|   | **INTENTIONAL MISREPRESENTATION** |
| Defendants. | **UNFAIR COMPETITION** |
|   | **CONVERSION** |
|   | **NEGLIGENCE** |
|   | **INJUNCTIVE RELIEF** |
|   | **DAMAGES AND ATTORNEYS FEES** |
|   | **JURY DEMAND** |

**COMPLAINT**

Plaintiff Joel Bauer & Associates, Inc, demanding trial by jury, complains and alleges as follows:

## PARTIES

### The Plaintiff

1. Joel Bauer & Associates, Inc. ("JBA") a California Corporation, has a principal place of business at 22417 N. Summit Ridge Cr, Chatsworth, California 90405.

### The Defendants

2. Defendant Sabrina Gibson Hawkins ("Hawkins") is an individual residing in Maricopa County, Arizona.

3. JBA is informed and believes and thereon alleges that Defendant SOCIAL SUCCESS PARTNERS, LLC ("Social") is an unknown business entity type which at all times herein was serving as the alter ego of Hawkins.

4. JBA is informed and believes and thereon alleges that Defendant STRATEGIC MARKETING MANAGEMENT, LLC ("Strategic") was at one time an Arizona Limited Liability Company, but at all times relevant to the actions complained of herein, was and is the alter ego of Hawkins.

5. JBA is informed and believes thereon alleges that Defendant, WPENGINE, INC. is a Delaware corporation doing business in California and as Wordpress.com ("WordPress").

6. Except as described herein, JBA is ignorant of the true names of Defendants sued as DOES 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues DOE Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

Complaint

2

## JURISDICTION AND VENUE

7. This case arises under the Copyright Laws of the United States, as amended (17 U.S.C. § 101 *et seq*). Therefore, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1331. Accordingly, this Court has jurisdiction to grant declaratory relief in this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542 (9th Cir. 1990).

8. Additionally, this Court has subject matter jurisdiction over the Third, Fourth, Fifth, Sixth and Seventh Claims for Relief under 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10. Joel Bauer ("Joel B") an individual residing in Los Angeles County, California is business trainer and mentor, known as the "Mentor's Mentor." To say that Joel B is well known and highly regarded as a professional is not an exaggeration. Millions of people have experienced Bauer's Infotainment presentations internationally, live and on television. The *Los Angeles Times* wrote *"There are thousands of live-marketing spokesmen/presenters/pitchmen at events. Joel Bauer's client list is a breed apart: Motorola, 3M, Mitsubishi, Shell, Canon, IBM, Cargill, Disney and Panasonic, to name a few."*

11. Joel B trains some of the most famous authors, presenters and marketers, helping them craft personal presentations and develop speaking skills as well as serving as a mentor and coach in how to build their personal brand. A

few of them include Mike Koenigs, Debbie Allen, Robert Allen, Harry Dent, Brad Fallon, Joe Polish, Eben Pagan, and Peng Joon.

12. Joel B is the co-author of *How to Persuade People Who Don't Want to be Persuaded* and *Gravitational Marketing*. Joel's been featured in *Wired Magazine* and the *Wall Street Journal*, and has appeared on ABC, NBC, CBS, MTV & CNN television shows.

13. Joel B speaks at his own public events many times each year. Joel B has authored over 3500 training videos based upon his 40 years of experience, writings and articles. Fifty of these videos were located at https://joelbauer.com as part of the Plaintiff's private membership training site ("the Membership Site"). JBA would love to direct the Court's attention to this content, but it has been removed and the contents threatened to be destroyed, all as a result of the actions of the Defendants as set forth herein.

14. JBA is Joel B's privately held corporation which provides the business structure and operations for his coaching, mentoring, live events, online trainings as well as his Intellectual Property ("the IP"). The IP consists of copyrighted content as well as his confidential client email data bases containing thousands of names and contact information, as well as and client lists and their personal data (collectively "the Trade Secrets").

15. Cheryl Bauer ("Cheryl B") is Joel B's wife and business partner in JBA. Cheryl B is actively involved in the day-today operations of JBA, serving as Secretary Treasurer of JBA. Cheryl B has personal knowledge of many of the facts alleged herein.

16. Beginning in or about July 2016, JBA engaged the services of Hawkins to act as an outsource Marketing Director for JBA. JBA paid Hawkins a monthly salary of $2000. In or about March 2017, JBA and Hawkins agreed that Hawkins would render services on a full-time basis for a monthly salary of $4000.00 per month.

17. Hawkins' services included engaging and managing web development by third-party vendors, overseeing social media postings, uploading content to the Membership Site. In addition, JBA paid the salary for Hawkins's personal assistant in Arizona. JBA also made direct payment to all third-party vendors engaged by Hawkins on behalf of JBA. Hawkins was not engaged or specially commissioned to create copyrighted content for JBA.  Instead she was to engage and oversee the services of third parties on behalf of JBA as part of her position as Marketing Director.

18. During the course of her employment, Hawkins had access to the confidential and proprietary customer data and email lists developed by JBA at great cost and expense. In or about March 2018, JBA had reason to believe that that Hawkins had begun direct solicitation of JBA clients for her own outside business interests in while employed by JBA, doing so by use of JBA Trade Secrets.

19. Prior to termination of services in May 2018, Hawkins began making repeated verbal threats to Joel B and Cheryl B that she could "destroy" their business as a result of the knowledge she had regarding passwords to videos sites, membership sites, and access to IP.  On information and belief, JBA alleges that these threats and the actions that followed were an effort by Hawkins to extort money from JBA.

20. By early May 2018 JBA had confirmed that Hawkins was actively soliciting its clients for her own benefit and against the interests of JBA by using JBA Trade Secrets. JBA terminated Hawkins's services on May 8, 2018.

### First Claim for Relief
### DECLARATORY RELIEF
### (28 U.S.C. § 2201)
### (Against Hawkins)

Complaint

5

21. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 15 hereof as though fully set forth herein.

22. JBA is, and at all times has been, the true author and copyright owner of all videos, writings and teaching materials pertaining to Joel B's training courses and mentoring programs, both online and live.

23. On September 28, 2018, Hawkins made written claims of copyright ownership of content posted at JBA social media sites, content in JBA sales funnels, JBA website content and blog posts, and certain written content appearing on Joel B's membership site for private clients.

24. On or about October 4, 2018, Hawkins served Notice of claim of copyright infringement pursuant 17 USC Section 512(g) to certain third party service providers where JBA IP was housed including Infusionsoft and www.wordpress.com. JBA filed its Counter Notice as required by statute. In its Counter-Notice, JBA consented to the jurisdiction of this court to hear Hawkins's claim, who by statute was allowed a further 14 days within which to file a claim for infringement before this court, failing which JBA content would be reinstated.

25. Plaintiff, by and through its counsel, has demanded that Hawkins cease and desist from further actions intended to damage or destroy JBA's IP and business relationships, and from further solicitation of its clients and customers, as well as use of Confidential Information obtained during her employment.

26. On or about November 14, 2018, Wordpress.com sent Defendants an email with unsubstantiated claims that Hawkins had filed a copyright infringement action against Defendants pursuant to 17 USC 51217 USC 512(g), and informed that WordPress intended to permanently delete and destroy JBA's IP. Despite repeated request for documentary evidence as the basis for Hawkins's claim, WordPress has failed and refused to provide any proof to JBA to support permanent removal and destruction of the JBA IP.

27. On information and belief, Hawkins failed to file a federal court proceeding alleging copyright infringement within 14 days as required by 17 USC 512(g)(2)(C) and has willfully and deliberately made false claims of such a filing to WordPress in order to induce WordPress to permanently delete JBA IP and destroy the same.

28. An actual and present controversy now exists between Plaintiff and Defendants.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff is entitled to a declaration of rights. Given the existence of the actual and present controversy as alleged, Plaintiff requests that the parties' rights be adjudicated. Accordingly, Plaintiff seeks a judicial determination that Plaintiff is the copyright owner and employer for hire of any and all copyright content contained at joelbauer.com, and that the copyright in all content created by Hawkins, if any, was created as an employee for hire pursuant to 17 USC § 101.

30. Hawkins' has knowingly materially misrepresented under 17 USC § 512(f)(1) that JBA's IP is infringing and that she has copyright rights therein.

## Second Claim for Relief

## THEFT OF TRADE SECRETS

### (18 USC § 1836)

31. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 20 hereof as though fully set forth herein.

32. As a result of Hawkins' actions as described herein, Plaintiff has suffered irreparable harm to its business, its contractual, its client relationships and its membership program.

33. Hawkins has misappropriated JBA Trade Secrets, and will continue to do so, unless enjoined by this Court.

34. On information and belief, Defendants will not cease committing the wrongful acts alleged in this Complaint without this Court's intervention.

### Third Claim for Relief
### INTENTIONAL INTERFERENCE WITH CONTRACT

35. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 23 hereof as though fully set forth herein.

36. JBA has valid contractual and business relationships with various third parties who provide services to JBA, including but not limited to Infusionsoft and Wordpress.com.

37. Hawkins had knowledge of business and contractual relationships with Infusionsoft and WordPress as a result of her access to JBA Trade Secrets and used that access to her own business purposes.

38. After her termination, Hawkins engaged in conduct to follow through on her threats to "destroy" JBA's business by contacting both Infusionsoft and WordPress in order to disrupt JBA's business relationships and cause damage to JBA's business and contractual relationships.

39. As a result of Hawkins' interference WordPress has ceased to provide services to JBA, having wrongfully removed JBA's IP from distribution to JBA subscribers and members, causing severe disruption to JBA's operations, and damage to its client relationships as a result of the inability to provide continuous access to JBA IP as promised to its private clients and members in its agreements with the clients and members.

40. On information and belief, Defendant will not cease committing the wrongful acts alleged in this Complaint without this Court's intervention.

41. Defendants' acts have caused damage to JBA. JBA is entitled to recover from Defendant the damages sustained by JBA as a result of Defendants'

wrongful acts in an amount subject to proof at trial. Defendant's actions will continue to damage JBA's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

### Fourth Claim for Relief

### INTENTIONAL MISPRESENTATION OF FACT

42. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 23 hereof as though fully set forth herein.

43. Hawkins' made false statements and claims of ownership of JBA's IP to Infusionsoft, WordPress and other undetermined third parties.

44. At the time these statements were made, Hawkins knew or should have known that she had no legal rights in the JBA IP and that her statements were false.

45. Hawkins made the false claims of ownership with Intent to defraud JBA of its IP.

46. As a result of Hawkins' actions JBA has suffered damage as complained of herein.

47. In accordance with Civil Code 3294, JBA is entitled do actual and punitive damages.

### Fifth Claim for Relief

### UNFAIR COMPETITION

48. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 23 hereof as though fully set forth herein.

49. As a result of Hawkins' actions as complained of herein, including but not limited to solicitation of JBA clients and false claims of copyright ownership, JBA has suffered damage to its business operations, its reputation loss of business clients,

50. Unless the court enjoins further acts of unfair competition by Hawkins pursuant to California Business & Professions Code 17203, JBA will continue to suffer irreparable harm.

### Sixth Claim for Relief
### CONVERSION
### (Against WordPress)

51. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 30 hereof as though fully set forth herein.

52. WordPress has failed to comply with the provisions of 17 USC 512(g) by wrongfully removing and destroying the content at the Membership Site, despite the fact that Hawkins has not filed an action for infringement as required by 17 USC 512(g), thereby rendering WordPress liable for damages suffered by JBA.

53. WordPress has intentionally and substantially interfered with JBA's IP by preventing JBA from having access the IP at the Membership site and stated its intention to destroy the content it has wrongfully removed.

54. Plaintiff has not consented to the permanent removal and destruction of its IP and has been seriously harmed.

55. WordPress' conduct is a substantial factor in causing JBA's damage and harm suffered as a result of loss of access to its property.

### Seventh Claim for Relief
### CONVERSION
### (Against WordPress)

56. JBA repeats and re-alleges each and every allegation contained within paragraphs 1 through 30 and 52 through 53 hereof as though fully set forth herein.

57. WordPress failed to exercise reasonable care and properly comply with 17 USC 512(g) before permanent removal of the Membership Site.

Complaint

10

58. As a direct and proximate cause of WordPress' negligence, JBA has suffered damage by reason of its loss of access to the content at the Membership Site.

**PRAYER FOR RELIEF**

WHEREFORE, JBA prays that this Court enter judgment that:

(a) JBA is the sole author and copyright owner of all copyrightable content created for and housed on JBA social media sites; the JBA membership site; and JBA websites, course materials and related marketing materials.

(b) Pursuant to the federal law of work for hire under 17 USC, Hawkins was an employee for hire for purposes of ownership of content created by Hawkins, if any, during her tenure as JBA's outsource; and

(c) Hawkins by reason of unauthorized use and disclosure of JBA trade secrets has violated 18 USC § 1836(b)(1).

(d) Hawkins has made intentional, material misrepresentations of fact to third parties with whom JBA has business relationships, including but not limited to Infusionsoft and Wordpress.com, resulting in damage to JBA, its business, its IP and its reputation;

(e) Hawkins and her related companies Social and Strategic, and their officers, agents, servants, employees, subsidiaries, attorneys, and those acting in concert with them be permanently enjoined from claiming authorship or ownership of the Copyrights in JBA IP, from use of JBA IP or from solicitation of JBA clients or customers;

(f) WordPress is guilty of wrongful conversion of JBA's content at the Membership Site; and

(g) WordPress is guilty of negligence by having permanently removed and destroyed the JBA content at joelbauer.com.

(h) Award JBA its actual and consequential damages in an amount necessary to compensate JBA for the damages caused by Defendants' conduct in violation of law and equity;

(i) Declares this case subject to an award of its attorneys' fees in this action pursuant to 17 U.S.C. § 512(f)(2).

(j) Award JBA prejudgment interest; and

(k) Award JBA its costs and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, JBA hereby demands a trial by jury of all issues so triable.

Dated: November 26, 2018                HODGSON LEGAL

By: _____
CHERYL L. HODGSON

Attorney for Plaintiffs
JOEL BAUER & ASSOCIATES, INC.

Complaint